JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7288 PA (FFMx) | Date | October 28, 2013 |
|---|---|---|---|
| Title | Marta Portillo v. Target Corp., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

On October 10, 2013, the Court issued an order provisionally remanding this action to the Los Angeles County Superior Court as a result of procedural defects in the Notice of Removal. In its October 10, 2013 order, the Court stayed the order remanding the action to provide plaintiff Marta Portillo ("Plaintiff") with an opportunity to object to the remand and waive the procedural defects. Specifically, Plaintiff was directed to inform the Court in writing by October 17, 2013, if she objected to the remand. To date, despite the passage of the deadline set by the Court, Plaintiff has not waived the procedural defects.

Defendant Target Corporation ("Defendant"), however, filed a Response on October 11, 2013. (Docket No. 9.) In the Response, Defendant requests that the Court reconsider its October 10, 2013 order remanding the action to state court, and provides factual allegations in support of Defendant's contention that its Notice of Removal was timely filed.

Defendant's attempt to cure the defects in the Notice of Removal, however, was filed more than thirty (30) days after the removing defendant was served with the Complaint, and is therefore ineffective and untimely. "A removal petition may be amended freely within the thirty day period set forth in 1446(b)." Aucoin v. Gulf S. Pipeline Co., L.P., Nos. Civ.A. 04-824, Civ.A. 04-879, 2004 WL 1196980, at *2 (E.D. La. May 26, 2004) (quoting Courtney v. Benedetto, 627 F. Supp. 523, 527 (M.D. La. 1986)). In this case, Defendant was served with the Complaint on May 13, 2013, but did not allege that the Notice of Removal was timely filed until October 11, 2013, 151 days later. Further, even assuming that Defendant had 30 days from September 4, 2013 to remove this action, as Defendant claims in its Response, Defendant still failed to cure the defects in the Notice of Removal within the requisite time period as Defendant's Response was submitted 37 days after September 4, 2013.

In addition, to allow Defendant to cure a defective Notice of Removal by simply filing a Response making allegations that were entirely absent from the Notice of Removal "would allow a removing party to disregard the procedures established by § 1446 until forced into compliance by a

**JS-6**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7288 PA (FFMx) | Date | October 28, 2013 |
|---|---|---|---|
| Title | Marta Portillo v. Target Corp., et al. | | |

motion to remand.  Such a result is inequitable and fails to promote the efficient administration of justice."  Cf. Jones v. Kremer, 28 F. Supp. 2d 1112, 1114 (D. Minn. 1998).  The Court therefore declines to reconsider its decision to remand this action.

    For the foregoing reasons, this action is remanded to the Los Angeles County Superior Court, Case No. BC507711.

    IT IS SO ORDERED.